**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road
Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:    Steven J. Bushinsky, Esquire

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; TRUSTEES OF PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 VACATION FUND; PAINTERS DISTRICT COUNCIL 711 FINISHING TRADES INSTITUTE; AND INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711; | Civil Action No.: |
| | **COMPLAINT** |
| *Plaintiffs,* | |
| v. | |
| CLAREMONT CONSTRUCTION GROUP, INC. | |
| *Defendant.* | |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to Sections

502(e)(1) and (f) and 515 of the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively, and §301

of the Labor Management Relations Act ("LMRA"), and 29 U.S.C. §185; and 28

U.S.C. §1331.

2.    This Court is one of proper venue pursuant to Section 502(e)(2) of

ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185

because the Plaintiff Trust Funds are administered in the State of New Jersey, the

Plaintiff Union's work jurisdiction and administration is in the State of New

Jersey, the breach took place in New Jersey, and Defendant maintained or

maintains a principal place of business in the State of New Jersey.

3.    A copy of this Complaint is being served on the Secretary of Labor and

the Secretary of the Treasury of the United States by certified mail in accordance

with 29 U.S.C. §1132(h).

## PARTIES

4.    Plaintiffs, Trustees of International Union of Painters and Allied

Trades District Council 711 Health & Welfare Fund ("Health Fund") are the

employer and employee trustees of a labor-management trust fund organized and

2

operated pursuant to a Trust Agreement and Collective Bargaining Agreement ("CBA") in accordance with Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5). The Health Fund is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3(37) of ERISA 29 U.S.C. §1002(37).

5.     Plaintiffs, Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund ("Vacation Fund") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5).  The Vacation Fund is an employee benefit plan within the meaning of section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of section 3 (37) of ERISA 29 U.S.C. §1002(37).

6.     Plaintiffs, Trustees of Painters District Council 711 Finishing Trades Institute ("FTI") are the employer and employee trustees of a labor-management trust fund organized and operated pursuant to a Trust Agreement and CBA(s) in accordance with section 302 (c)(5) of LMRA, 29 U.S.C. §186(c)(5).  The FTI is an employee benefit plan within the meaning of Section 3 (3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3 (37) of ERISA 29 U.S.C. §1002(37).

7.     Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, International Union of Painters and Allied Trades District Council 711 Vacation Fund; and Painters District Council 711 Finishing Trades Institute (hereinafter, collectively "Funds") maintain their principal place of business at 27 Roland Ave, Suite 200, Mt. Laurel, New Jersey 08054.

8.     The Funds are also the collecting agent for the Labor Management Cooperation Initiative ("LMCI"), National Finishing Trades Institute of New Jersey ("N-FTI"), Industry Advancement Fund ("IAF"), the Political Action Committee ("PAC"), Safety Training Recognition Awards Program ("Stars"), the Job Targeting Program ("Job Targeting"), and Political Action Together ("PAT").

9.     The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

10.    The Trustees of the Funds are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

11.    The Funds and their Trustees bring this action on behalf of their participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

12.    The Funds are third-party beneficiaries of a Project Labor Agreement ("PLA") to complete a construction project at Kean University Campus, 1000

Morris Avenue, Union, NJ (hereinafter, "Kean Project").

13.     The Funds are third-party beneficiaries of a Project Labor Agreement ("PLA") to complete a construction project at 485 Marin Boulevard, Jersey City, New Jersey, 07302 (hereinafter, "Jersey City Project").

14.     Plaintiff International Union of Painters and Allied Trades District Council 711 (the "Union") brings this action for dues check-offs and other contributions owed pursuant to the CBA(s).

15.     The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

16.     The Union maintains it principal place of business at 9 Fadem Road, Springfield, New Jersey 07081.

17.     Defendant, Claremont Construction Group, Inc. (hereinafter, "Defendant Claremont") is referred to as "Defendant" or "Employer" and "Party in Interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively, and was or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

18.     Upon information and belief, Defendant, Claremont Construction Group, Inc.  maintained or maintains its principal place of business at 49 Route 202, Far Hills, New Jersey 07931.

19.   Defendant Claremont conducted or conducts business in the State of New Jersey.

## COUNT ONE
### Failure to Remit Contributions
### under Section 502 of ERISA, 29 U.S.C. §1132
### (Kean University PLA/Sky High)

20.   The Funds incorporate the allegations in Paragraphs 1 through 19 of this Complaint as if set forth herein in their entirety.

21.   On or about February 23, 2017 Claremont entered into a contract (hereinafter the "Contract") with University Student Living LLC, acting as a developer for Provident Group, Kean Properties, LLC (hereinafter "Kean") for the construction of a student housing building on Kean University Campus, 1000 Morris Avenue, Union, NJ (hereinafter "Kean Project").

22.   At all times relevant to this action the International Union of Painters and Allied Trades, District Council 711 (hereinafter "Local 711" or "Union") was party to a Project Labor Agreement (hereinafter "PLA") which governed the work performed for the construction of the Kean Project.

23.   At all times relevant to this action, Defendant Claremont also entered into the same PLA on behalf of Kean for work to be performed on the Kean Project, together with the Union County Building and Construction Trades Council, AFL-CIO, and signatory local unions, including, as stated above, Plaintiff District Council 711.

24.    The PLA specifically incorporates all of the collective bargaining agreements of each of the trade unions employed on the Kean Project, including the Collective Bargaining Agreement of District Council 711 (hereinafter "DC 711 CBA"). The DC 711 CBA requires signatory employers to remit fringe benefit contributions to the Plaintiff Funds for each hour of covered work performed on the Kean Project.

25.    The Plaintiff Funds are third-party beneficiaries of the PLA.

26.    The express goals of the PLA include standardizing the terms and conditions governing the employment of labor on the Kean Project, and ensuring a reliable source of skilled and experienced labor.

27.    As described below, members of DC 711 who are also participants and beneficiaries of the Plaintiff Benefit Funds performed labor pursuant to the Contract, for which dues checkoffs and fringe benefit contributions are owed for certain hours of labor performed in accordance with the terms and conditions of the DC 711 CBA. These contribution delinquencies remain unpaid.

28.    Defendant Claremont contracted with Sky High Management, LLC, (hereinafter "subcontractor" or "Sky High") for the latter's performance of a certain part of the parent Contract, described in paragraph 16. Pursuant to Article 2, Sections 1 and 3, the terms of the PLA are binding upon subcontractor Sky High for work performed on the Kean Project.

29.     Pursuant to Article 2, Section 4, Supremacy Clause, the PLA together with the local CBA (of the trade unions performing work on the Kean Project) represents the complete understanding of all signatories.

30.     By virtue of the PLA, Defendant Claremont agreed to be bound by the Funds' Trust Agreements.

31.     At all relevant times, Sky High was party to or agreed to abide by the terms and conditions of a CBA(s) with Local 711 or one or more local labor unions or district councils affiliated with the Union.

32.     The CBA provides that Sky High must make specified dues checkoffs and fringe benefit contributions to the Funds for work performed by Sky High's represented employees on the Kean Project.

33.     Subcontractor Sky High failed to remit or has only remitted a portion of the required dues checkoffs and contributions to the Funds for the benefit of its employees who were Union members employed to perform the subcontracting work on the Kean Project.

34.     Payment of the dues checkoffs and delinquent contributions and penalties assessed against Sky High has been demanded by the Funds, but Sky High failed and refused to submit the required payments.

35.     Pursuant to the PLA when Sky High failed to remit dues checkoffs and fringe benefit contributions for the work performed on the Kean Project,

Claremont was contractually obligated to withhold the amount of Sky High's unpaid dues and contributions from any amounts due Sky High for work performed on the Kean Project.

36. The PLA requires that should any contractor or subcontractor become delinquent in the payment of contributions to the fringe benefit funds, then the subcontractor at their next higher tier, upon notice of the delinquency claim from the Union or the Funds, agrees to withhold from the subcontractor such disputed amount from the next advance, or installment payment for the work performed until the dispute has been resolved.

37. Despite notice of its contractual obligation under the PLA, Defendant Claremont failed to withhold the amount of delinquent fringe benefits owed and failed to remit the required contributions to the Funds on behalf of Sky High.

38. Payment of these delinquent contributions and penalties assessed against Sky High has been demanded by the Funds, but Defendant Claremont has refused to submit the required payments.

39. Such delinquencies constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

40. Failure to pay the delinquencies enumerated in the PLA is violative of 29 U.S.C. §1145.

41. This action is brought by the fiduciaries of the Funds pursuant to

9

Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%) of the unpaid contributions, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Claremont to pay all contributions due and owing to the Funds and the Union;

(B) Order Defendant Claremont to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Claremont to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Claremont to pay a penalty of 20% of the unpaid balance pursuant to the Funds' Collection Policy;

(E) Order Defendant Claremont to specifically perform all obligations to the Funds under the CBA;

(F) Order Defendant Claremont to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(G)    Order such other and further relief as this Court may deem equitable, just and appropriate.

**COUNT TWO**
**Failure to Remit Contributions under**
**Section 301 of LMRA, 29 U.S.C. §185**
**(Kean University PLA/Sky High)**

42.    Plaintiffs incorporate the allegations of Paragraphs 1 through 41 of this Complaint as if set forth herein in their entirety.

43.    The PLA provided that if Sky High became delinquent in the payment of fringe benefits as required by the PLA, Defendant Claremont must withhold from Sky High the amount of the delinquent fringe benefits from the next advance, or installment payment for work performed until the dispute is resolved.

44.    Despite notice of its contractual obligation under the PLA and other documents incorporated into the PLA, including the DC 711 CBA and Plaintiff Funds' Trust Documents, Defendant Claremont failed to withhold the amount of delinquent fringe benefits and dues checkoffs owed and failed to remit the required contributions to the Funds on behalf of Sky High.

45.    Payment of these delinquent contributions, penalties and dues checkoffs assessed against Sky High has been demanded by the Funds, but Defendant Claremont has refused to submit the required payments.

46.    Plaintiffs have been damaged as a proximate result of the breach of the PLA and its incorporated documents by Claremont.

**WHEREFORE**, Plaintiff Funds respectfully request that this Court:

(A)     Order Defendant Claremont to pay delinquent contributions due together with interest, liquidated damages, including attorneys' fees and costs in this action or collection or enforcement of any judgment, as provided in the CBA and Trust Agreements and owing to the Funds; and

(B)     Order such further legal, equitable or other relief as is just and proper.

**COUNT THREE**
**Failure to Remit Contributions**
**under Section 502 of ERISA, 29 U.S.C. §1132**
**(Jersey City, NJ/Portofino)**

47.     The Funds incorporate the allegations in Paragraphs 1 through 46 of this Complaint as if set forth herein in their entirety.

48.     At all relevant times Defendant Claremont was a party to and agreed to be bound by the terms and conditions of a Project Labor Agreement (hereinafter "Jersey City PLA") to complete a construction project at 485 Marin Boulevard, Jersey City, NJ (hereinafter "Jersey City Project").

49.     At all times relevant to this action, Local 711 also entered into the same Jersey City PLA for work to be performed on the Jersey City Project, together with the Hudson County Building and Construction Trades Council, AFL-CIO, and signatory local unions, including, as stated above, Local 711.

50.     The Jersey City PLA specifically incorporates all of the collective

bargaining agreements of each of the trade unions employed on the Jersey City

Project, including the Collective Bargaining Agreement of District Council 711

(hereinafter "DC 711 CBA"). The DC711 CBA requires signatory employers to

remit fringe benefit contributions to the Plaintiff Funds for each hour of covered

work performed on the Jersey City Project.

51.     The Plaintiff Funds are third-party beneficiaries of the Jersey City

PLA.

52.     The Jersey City PLA governs the work performed in the construction

of the Jersey City Project. The express goals of the Jersey City PLA include

standardizing the terms and conditions governing the employment of labor on the

Jersey City Project, and ensuring a reliable source of skilled and experienced labor.

53.     As described below, members of Local 711 who are also participants

and beneficiaries of the Plaintiff Benefit Funds, performed labor pursuant to the

Jersey City PLA, for which dues checkoffs and fringe benefit contributions are

owed for certain hours of labor performed in accordance with the terms and

conditions of the DC711 CBA. These contribution delinquencies remain unpaid.

54.     Defendant Claremont contracted with Portofino Contracting, LLC,

(hereinafter "subcontractor" or "Portofino") for the latter's performance of a

certain part of the Jersey City Project. Pursuant to Article 2, Sections 1 and 3, the

terms of the Jersey City PLA are binding upon subcontractor Portofino for work

performed on the Jersey City Project.

55.     Pursuant to Article 2, Section 4, Supremacy Clause, the Jersey City PLA together with the local collective bargaining agreement (of the trade unions performing work on the Jersey City Project) represents the complete understanding of all signatories.

56.     By virtue of the Jersey City PLA, Defendant Claremont agreed to be bound by the Funds' Trust Agreements.

57.     At all relevant times, Portofino was party to or agreed to abide by the terms and conditions of a CBA(s) with Local 711 or one or more local labor unions or district councils affiliated with the Union.

58.     The DC711 CBA provides that Portofino must make specified dues checkoffs and fringe benefit contributions to the Funds for work performed by Portofino's represented employees on the Jersey City Project.

59.     Subcontractor Portofino failed to remit or has only remitted a portion of the required dues checkoffs and contributions to the Funds for the benefit of its employees who were Union members employed to perform the subcontracting work on the Jersey City Project.

60.     Payment of the dues checkoffs and delinquent contributions and penalties assessed against Portofino has been demanded by the Funds, but Portofino failed and refused to submit the required payments.

61.     Pursuant to the Jersey City PLA, when Portofino failed to remit dues checkoffs and fringe benefit contributions for the work performed on the Jersey City Project, Claremont was contractually obligated to withhold the amount of Portofino's unpaid dues and contributions from any amounts due Portofino for work performed on the Jersey City Project.

62.     The Jersey City PLA requires that should any contractor or subcontractor become delinquent in the payment of contributions to the fringe benefit funds, then Claremont must withhold from Portofino such disputed amount.

63.     Despite notice of its contractual obligation under the Jersey City PLA, Defendant Claremont failed to withhold the amount of delinquent fringe benefits owed and failed to remit the required contributions to the Funds on behalf of Portofino.

64.     Payment of these delinquent contributions and penalties assessed against Portofino has been demanded by the Funds, but Defendant Claremont has refused to submit the required payments.

65.     Such delinquencies constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

66.     Failure to pay the delinquencies enumerated in the Jersey City PLA is violative of 29 U.S.C. §1145.

67.     This action is brought by the fiduciaries of the Funds pursuant to

Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%) of the unpaid contributions, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A)     Order Defendant Claremont to pay all contributions due and owing to the Funds and the Union;

(B)     Order Defendant Claremont to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C)     Order Defendant Claremont to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D)     Order Defendant Claremont to pay a penalty of 20% of the unpaid balance pursuant to the Funds' Collection Policy;

(E)     Order Defendant Claremont to specifically perform all obligations to the Funds under the CBA;

(F)     Order Defendant Claremont to pay the Funds' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(G)    Order such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT FOUR
### Failure to Remit Contributions under
### Section 301 of LMRA, 29 U.S.C. §185
### (Jersey City, NJ/Portofino)

68.    Plaintiffs incorporate the allegations of Paragraphs 1 through 67 of this Complaint as if set forth herein in their entirety.

69.    The Jersey City PLA provided if Portofino became delinquent in the payment of fringe benefits as required by the Jersey City PLA, Defendant Claremont must withhold from Portofino the amount of the delinquent fringe benefits.

70.    Despite notice of its contractual obligation under the Jersey City PLA and other documents incorporated into the PLA including the DC711 CBA and Plaintiffs' Fund Trust Documents, Defendant Claremont failed to withhold the amount of delinquent fringe benefits owed and failed to remit the required contributions to the Funds on behalf of Portofino.

71.    Payment of these delinquent contributions and penalties assessed against Portofino has been demanded by the Funds, but Defendant Claremont has refused to submit the required payments.

72.    Plaintiffs have been damaged as a proximate result of the breach of the PLA and its incorporated documents by Claremont.

**WHEREFORE**, Plaintiff Funds respectfully request that this Court:

(A)   Order Defendant Claremont to pay delinquent contributions due together with interest, liquidated damages, including attorneys' fees and costs in this action or collection or enforcement of any judgment, as provided in the CBA and Trust Agreements and owing to the Funds; and owing to the Funds; and

(B)   Order such further legal, equitable or other relief as is just and proper.


Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*


By: _____
       Steven J. Bushinsky, Esquire
       509 S. Lenola Road
       Building 6
       Moorestown, NJ 08057
       856-795-2181/Fax: 856-581-4214
       sbushinsky@obbblaw.com

Dated: November 27, 2019